**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Alfredo Ramos-Velasquez, | No. 21-670 |
| Petitioner, | Agency No.    A089-815-569 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023
Submission Withdrawn March 20, 2023
Resubmitted October 16, 2023**

Before: LEE, BRESS, MENDOZA, Circuit Judges.

Alfredo Ramos-Velasquez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' (BIA) decision that affirmed the

Immigration Judge's (IJ) finding of adverse credibility, denied his application for

withholding of removal, and found him ineligible for protections under the

Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252,

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and we deny the petition.

Ramos-Velasquez was first removed from the United States to Mexico in 2008, after he repeatedly presented himself as a Mexican national using a false birth certificate and fake identifying information. Between 2008 and 2012, Ramos-Velasquez attempted to reenter the United States five additional times; on each occasion, he was permitted to depart voluntarily. Ramos-Velasquez returned to Guatemala in 2012. In 2015, while still in Guatemala, Ramos-Velasquez claims that he was attacked by gang members who attempted to extort him and prevent his efforts to curb gang recruitment through his church. Ramos-Velasquez reentered the United States in 2017, at which time the Department of Homeland Security reinstated removal proceedings.[1]

1. <u>Ramos-Velasquez's claim for withholding of removal fails because substantial evidence supports the agency's adverse credibility finding.</u> "We review the [agency's] findings of fact, including adverse credibility determinations and the findings underlying the denial of relief, for substantial evidence." *Singh v. Holder*, 638 F.3d 1264, 1268–69 (9th Cir. 2011). "Under the REAL ID Act, there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on 'the totality of

---

[1] The government now concedes that we have jurisdiction under *Alonso-Juarez v. Garland*, 80 F.4th 1039 (9th Cir. 2023) (holding that the thirty-day deadline provision of 8 U.S.C. § 1252(b)(1) is a non-jurisdictional rule and that a reinstated order of removal becomes final only after withholding-only proceedings have concluded).

the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Here, substantial evidence supports the BIA's determination that Ramos-Velasquez lacked credibility based on his "willful misrepresentations about his identity" that were unrelated to the persecution that he later allegedly experienced. *See Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) (holding that a deception that is "completely unrelated to escaping immediate danger or gaining entry to the United States" can support an adverse credibility determination). In addition, given that Ramos-Velasquez did not submit any corroborating evidence to support his testimony that he was persecuted, the BIA appropriately concluded that Ramos-Velasquez failed to establish past persecution or likelihood of future persecution on account of a protected ground. Ramos-Velasquez's withholding of removal claim thus fails.

2. Substantial evidence supports the BIA's holding that Ramos-Velasquez failed to establish his entitlement to CAT protection. The BIA further determined that even if Ramos-Velasquez's testimony were credible, he did not demonstrate a likelihood of future torture with the consent or acquiescence of the Guatemalan government. Substantial evidence supports this determination. First, Ramos-Velasquez's partner—whom he claims was also threatened by the gang—continues to reside in Guatemala, in a community not far from Ramos-Velasquez's hometown, where she has experienced no gang-related problems. This suggests that Ramos-Velasquez could safely relocate within Guatemala. *See*

*Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). Second, although Ramos-Velasquez contends that law enforcement did not assist him after the alleged assault, government ineffectiveness in controlling crime does not amount to acquiescence in torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Finally, Ramos-Velasquez reported that he never had any problems with the Guatemalan government or its officers, including the police, and that he does not think that the police or government could harm him in the future. Based on these facts, we are not compelled to conclude that the BIA erred in denying Ramos-Velasquez's CAT claim.

**PETITION DENIED.**